2012 OK CIV APP 46

**Jerry GRIFFIN and Robert Hollis, Individually and on behalf of Victory Bible Baptist Church, Plaintiffs/Appellees,**

v.

**M.D. "Dwaine" CUDJOE, Defendant/Appellant.**

No. 108,664.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 10, 2012.

Certiorari Denied April 16, 2012.

Jim T. Priest, Leah M. Avey, Rubenstein & Pitts, PLLC, Edmond, OK, for Plaintiffs/Appellees.

Steven Lewis, Steven Lewis, PLLC, Edmond, OK, for Defendant/Appellant.

KENNETH L. BUETTNER, Presiding Judge.

¶1 Defendant/Appellant M.D. "Dwaine" Cudjoe appeals from judgment entered in favor of Plaintiffs/Appellees Jerry Griffin and Robert Hollis, individually and on behalf of Victory Bible Baptist Church (collectively, Plaintiffs). Plaintiffs sued Cudjoe, then pastor of Church, seeking an accounting of Church funds and seeking damages for breach of fiduciary duty to Church. The trial court had jurisdiction to resolve this dispute over misuse of Church property and Plaintiffs had standing as representatives of the Church. The record supports the default judgment and damages award and we affirm.

¶2 In their July 10, 2009 Petition, Plaintiffs alleged that after Cudjoe pleaded guilty to drug charges in the spring of 2009, Plaintiffs discovered Cudjoe had misrepresented the criminal charges against him and had misused church funds. They alleged Cudjoe refused a requested meeting with Church Deacons to fully disclose the terms of his guilty plea and refused to account for $100,000 from the sale of Church property. Plaintiffs contended that in response to their letter calling a meeting of Church members to address their concerns, Cudjoe changed the locks on the Church building. Plaintiffs further asserted Church members nevertheless met in the parking lot and held a meeting, but that Cudjoe rejected Church members' vote to demand an accounting and possible removal of Cudjoe as pastor.

¶3 Plaintiffs further contended that in March 2009, Griffin became responsible for paying Church bills and discovered utility bills had not been paid, the Church's property insurance had been canceled for failure to pay premiums, and Cudjoe had written bad checks from Church's accounts. Plaintiffs claimed Cudjoe had breached his fiduciary duty to the Church by changing the signature card on the account and removing Plaintiffs and the Church's secretary from the account, using a Church account to rent cars for non-church uses, spending Church funds for personal expenses, failing to pay Church bills, and purporting to remove Plaintiffs as deacons and members of Church. Plaintiffs sought an accounting, an injunction against dissipation of Church assets, a restraining order, removal of Cudjoe as an officer, and damages for breach of fiduciary duty. The trial court granted Plaintiffs' request for a temporary restraining order July 16, 2009.

¶4 Cudjoe filed a one-page Motion to Dismiss July 29, 2009, claiming Plaintiffs did not have standing because they were not members of the Church at the time of the Petition, and that Plaintiffs' claims were an internal religious matter that may not be decided by a civil court. On the same day, Cudjoe filed an Answer denying the claims, and a "Response to and Request to Vacate Order Granting Plaintiffs' Motion for Temporary Restraining Order."

¶5 Plaintiffs responded August 18, 2009, contending that Cudjoe's Motion to Dismiss did not comply with District Court Rule 4(c) and therefore could be denied without a hearing. In response to Cudjoe's standing argument, Plaintiffs asserted Cudjoe failed to attach any evidence to support his claim that Plaintiffs were not Church members at the time of the Petition. They contended Cudjoe mailed them letters dismissing them as members of Church July 17, 2009, which was after

they filed their Petition July 10, 2009. Plaintiffs cited authority that when a church's "property rights are being violated, contrary to plain principles of the civil law, courts will generally intercede to protect such right," citing *Cape v. Moore*, 1927 OK 46, 253 P. 506, 507, 122 Okla. 229.

¶ 6 Cudjoe filed a Reply to Plaintiffs' Response to the Motion to Dismiss August 31, 2009. He contended that he was the "sole office president" of Victory Bible Baptist, Inc. and that all business decisions were made by the board of directors. He claimed Church is a ministry of Victory Bible Baptist, Inc. Cudjoe averred that a Church meeting was held July 8, 2009 "at which time it was voted to remove [Plaintiffs] from membership rolls and from nomination as deacons." Cudjoe attached minutes from a meeting showing eight members of Church were present and voted to remove Plaintiffs as members. Cudjoe also attached minutes from a July 1, 2009 meeting, showing ten members were present and voted to change the Church's bylaws on that date, but no bylaws were attached.

¶ 7 Cudjoe filed his Objection and Motion to Quash Notice to Take Deposition September 3, 2009. He contended that the notice was faxed to him after the date of the deposition, that the court had directed that "nothing be done" until a hearing on jurisdiction, and that Plaintiffs set the deposition date without coordinating with Cudjoe.

¶ 8 Plaintiffs responded and attached proof they faxed the notice to take deposition August 26, 2009. They also attached a transcript of the record made September 2, 2009 when Cudjoe failed to appear for the scheduled deposition. In the transcript, Cudjoe's counsel spoke by telephone and indicated he intended to have Cudjoe present if the deposition was rescheduled. Plaintiffs asserted that the temporary restraining order did not prevent discovery in the case.

¶ 9 The trial court entered an order October 21, 2009, following a hearing held October 19, 2009 at which neither Cudjoe nor his counsel appeared. The court found Plaintiffs had shown irreparable harm would occur if relief was not granted, there was no adequate remedy at law, Plaintiffs were likely to prevail, and public policy would be served by the court acting to preserve the public peace and property rights. The trial court sustained Plaintiffs' Motion to Compel, enjoined Cudjoe from spending, wasting, disposing, or encumbering Church property without court order. The court also granted Plaintiffs' motion to compel documents and directed Cudjoe to produce all records relating to the Church's property and finances from 2007 to present, and to appear for deposition October 29, 2009. The court further directed that the Church building be open to all, including Plaintiffs, and that Church members be permitted to conduct a business meeting to determine whether Cudjoe would remain pastor and to determine financial matters affecting Church. The court directed that all members of the Church as of June 1, 2009, including Plaintiffs, could participate and vote. Finally, the court attached Church's constitution and bylaws to be used to govern the business meeting and appointed a special master to report to the court on the meeting.[1]

¶ 10 Plaintiffs filed a Motion for Contempt Citation, Sanctions, and for Attorney Fees and Costs October 29, 2009. They asserted documents they had just received showed Cudjoe had violated the injunction by using Church funds to buy liquor and cigars and for other cash transactions in violation of the court's order. Plaintiffs alleged Cudjoe failed to appear for deposition as ordered and failed to produce all of the records ordered. Plaintiffs sought sanctions under 12 O.S.2001 § 3237(B)(2).

¶ 11 The trial court filed a Journal Entry of Judgment November 3, 2009. The judgment announced that "(i)n accord with … finding (Cudjoe) in contempt and granting sanctions, Plaintiffs are hereby granted Default Judgment…." The judgment included a permanent injunction against Cudjoe using, transferring or receiving any Church funds from the date of the judgment. The judgment directed Cudjoe to immediately provide a full accounting of all financial transactions involving the Church and Cudjoe from 2000

---

1. The appointed special master filed a Notice of Church Meeting October 28, 2009. It set the meeting of Church members for November 7, 2009 at the Church building.

to present, including the location and disposition of any proceeds from the sale of Church property. The judgment removed Cudjoe as an officer of all entities related to Church "because of his breach of his fiduciary duties and his repeated failures to comply with" court orders. The judgment lastly awarded Plaintiffs fees and costs. On the same day, the court entered its Order finding Cudjoe in contempt for violating court orders and imposing sanctions. The court outlined Cudjoe's repeated refusal to follow court orders in the case, directed that any bank with Church accounts to provide financial records to Plaintiffs or their counsel, directed Cudjoe to provide keys to the Church to Plaintiffs by November 6, 2009, and granted default judgment as noted above.

¶ 12 After Cudjoe failed to comply with the November 3, 2009 orders, Plaintiffs filed an Application for a Bench Warrant November 6, 2009. A minute order indicates the bench warrant was issued that day but was recalled and set aside November 9, 2009. Plaintiffs renewed their application for a bench warrant December 17, 2009. In that pleading, they asserted that at the November 7, 2009 meeting of Church members, Cudjoe resigned his position before a vote was taken and that Plaintiffs had asked to have the earlier warrant withdrawn as a result. Plaintiffs asserted that since then, Cudjoe continued to refuse to provide the financial records and continued to use a Church credit card in violation of the court order. The warrant was signed by the court and filed December 22, 2009.

¶ 13 On the same day, the appointed special master filed his Report to the Court on the November 7, 2009 meeting of Church members. The report noted that 46 members appeared and were prepared to vote when Cudjoe announced his resignation by telephone. The members then elected new officers, including Plaintiffs as President and Vice President.

¶ 14 In March 2010, Plaintiffs gave notice of deposition and subpoenaed documents. Cudjoe appeared for deposition March 19, 2010, but he failed to produce financial records as ordered by the court. Plaintiffs again filed a motion for contempt and sought a bench warrant April 30, 2010, noting the records Cudjoe had failed to produce as ordered.

¶ 15 Cudjoe filed another Motion to Dismiss May 13, 2010. He repeated his claims that the Church constitution and bylaws did not allow Plaintiffs to act and that the suit violated his Constitutional right to religious freedom. On the same day, a hearing was held on Plaintiffs' application for contempt citation and request for fees and costs. Cudjoe's counsel announced Cudjoe would not appear because of the warrant for his arrest. The trial court ruled that because Cudjoe had previously been jailed for failure to comply with court orders, his motion to dismiss would not be heard until he appeared. Plaintiffs filed their Response to Cudjoe's Motion to Dismiss May 28, 2010.

¶ 16 At the June 1, 2010 evidentiary hearing on damages and fees, Plaintiffs presented evidence and asked for $279,284.89 in damages for misused Church funds. Counsel for Cudjoe indicated he was unprepared to respond to the request for damages at that time. The court continued the hearing until June 30, 2010 in order for Cudjoe to prepare a response to the request for damages. The court set Cudjoe's Motion to Dismiss for the same day.

¶ 17 Following the June 30, 2010 hearing, the trial court entered its Order Denying (Cudjoe's) Motion to Dismiss and Granting Judgment and Attorney Fees and Costs to Plaintiffs August 2, 2010.[2] The trial court ordered Cudjoe to pay sanctions in the form of attorney fees of $15,706.25 and costs of $1,593.90. The court also awarded judgment

---

2. In the meantime, Cudjoe filed his Notice of Plaintiffs' Apparent Fraud on the Court July 21, 2010, in which he asserted that Plaintiffs were not deacons at the time they claimed to have called a meeting of Church members at which the members voted to allow Plaintiffs to file this suit. Cudjoe attached an affidavit of a Church member who claimed that Plaintiffs were ordained as deacons in May 2010. Cudjoe noted

the Church's bylaws provided that only the pastor and ordained deacons could call meeting of Church members.

Plaintiffs filed a response July 30, 2010. They asserted the bylaws did not require that only *ordained* deacons were allowed to call meetings. They attached documents showing they were deacons before Cudjoe purported to discharge them as members.

to Plaintiffs on their claims for breach of fiduciary duty and misuse of Church funds, and awarded damages of $278,884.89. Finally, the court directed Cudjoe not to dispose of any equity in his house, which was the subject of a foreclosure action, and directed that any equity would be set aside to partially satisfy the judgment.

¶ 18 Cudjoe appeals. His first claim of error is that the trial court was without jurisdiction to decide this dispute because, according to Cudjoe, it is an internal, ecclesiastical matter. A civil court has jurisdiction to resolve property disputes involving churches. *Fowler v. Bailey,* 1992 OK 160, 844 P.2d 141. In this case, Plaintiffs asserted Cudjoe had misused Church funds for personal purposes and had misappropriated funds from the sale of Church property. The record supports the trial court's finding of subject matter jurisdiction of Plaintiffs' claims.

¶ 19 Cudjoe next claims the court erred in finding he owed a fiduciary duty to the Church, and he contends Plaintiffs had no right to inspect Church's financial records. Cudjoe relies on *Fowler, supra,* for his contention that church members have no right to inspect financial records and also for his contention that Plaintiffs did not have standing after Cudjoe removed Plaintiffs from Church's membership. "Church bylaws, articles, or constitutions specifying how membership is acquired, maintained, or lost have an obvious and important public value for civil courts in adjudicating church property disputes. But a legislature, like a civil court, has no ecclesiastical jurisdiction over the discipline and expulsion of church members." *Fowler, supra,* 844 P.2d at 146. However, "(a) civil court may determine the regularity of a church meeting and who is a member of a church for the purpose of determining the identity of those individuals who collectively represent the church and are entitled to control church property." *Id.* In *Fowler,* the Oklahoma Supreme Court explained what the members there failed to show in terms of standing. In this case, Plaintiffs showed they had the support of a majority of Church members. We have reviewed the record and find that Plaintiffs had standing to represent the Church members. And, Cudjoe's selected statements from *Fowler* do not support his assertion that no church member ever has a right to inspect church financial records in a dispute such as this. Additionally, the order to Cudjoe to produce the records was part of a default judgment. Cudjoe failed to appear to object or preserve any claim of error in being directed to produce records necessary to account for Church funds.

¶ 20 The record simply does not support Cudjoe's claims that he was thrown in jail while the trial court reformed the Church to its liking and that the trial court "ordered the creation of a church acceptable to the government." Cudjoe was jailed after the court held him in contempt for repeated failures to comply with orders directing him to comply with discovery requests. Cudjoe's claims that the trial court erred by disregarding his intentional creation of a church, in which he was autonomous authority, amount to a request that we interpret the Church's bylaws. Such interpretation is the type of civil intrusion into ecclesiastical matters which Cudjoe rightly asserts courts may not do. Instead, Cudjoe's failure to respond led to a default judgment and his own testimony showed he had used Church funds for his personal purposes. We need not interpret Church bylaws to determine that Cudjoe's testimony showed a misuse of Church assets.

¶ 21 Cudjoe next claims that the First Amendment right to free exercise of religion is fundamental and must be liberally construed. Cudjoe's claims amount to an assertion that his right to exercise his religion will only be protected if he is allowed to freely use Church assets for admittedly non-Church purposes. Cudjoe has not cited authority for a constitutional right to convert Church funds to his own use. Cudjoe's extensive citations to authority on the ecclesiastical abstention doctrine are not relevant to this dispute. See *Serbian Eastern Orthodox Diocese for U.S. of America and Canada v. Milivojevich,* 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976).

Civil courts must accept "the decisions of the highest judicatories of a religious organization of hierarchical polity on matters of discipline, faith, internal organization, or

ecclesiastical rule, custom, or law." ... However, when a church-related dispute can be resolved by applying neutral principles of law without inquiry into religious doctrine and without resolving a religious controversy, the civil courts may adjudicate the dispute.... Because religious organizations are part of the civil community, they are subject to societal rules governing property rights, torts, and criminal conduct.... The First Amendment does not excuse individuals or religious groups from complying with valid neutral laws.

*Rashedi v. General Bd. of Church of Nazarene,* 203 Ariz. 320, 54 P.3d 349, 353 (2002) (citations omitted). Plaintiffs have not presented a religious or doctrinal question for the civil court to resolve; instead, Plaintiffs have alleged a simple claim of misappropriation of funds, which is proscribed by valid neutral laws.

¶ 22 Lastly, Cudjoe contends that the trial court granted relief not requested. Here, Cudjoe complains that the trial court erred in awarding damages to Plaintiffs. In their Petition, Plaintiffs sought equitable relief for misuse of Church funds. Cudjoe's deposition testimony showed he spent Church funds for his personal purposes and he was unable to account for amounts spent. Plaintiffs' evidence, including Cudjoe's testimony, supports the damages award with sufficient specificity. At the June 1, 2010 and June 30, 2010 hearings, the trial court heard evidence supporting the damages awarded. Additionally, we have noted above that at the initial hearing on damages, Cudjoe indicated he was not prepared to respond to Plaintiffs' evidence and the trial court gave him nearly a full month to prepare before the June 30 hearing. We find no support for Cudjoe's claim that he did not have notice and an opportunity to defend against the claim for damages.

¶ 23 AFFIRMED.

JOPLIN, V.C.J., and BELL, J. (sitting by designation), concur.